UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

M.R. and E.R., individually and on behalf of N.R.,
a minor with a disability,

                                    Plaintiffs,                  **SETTLEMENT AGREEMENT**

        – against –                                      25-cv-01605 (RA)(KHP)

New York City Department of Education and Chancellor
Melissa Aviles-Ramos, in her Official Capacity,

                                   Defendants.

----------------------------------------------------------------------X

        **WHEREAS** after a hearing on the merits in an administrative proceeding pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, an Impartial Hearing ("IH") Officer issued a decision on May 3, 2023, regarding IH Case No. 228651;

        **WHEREAS** on February 26, 2025, Plaintiffs commenced this action against Defendants New York City Department of Education and Chancellor Melissa Aviles-Ramos, in her Official Capacity ("Defendants"), seeking attorneys' fees incurred in the administrative action and this federal action;

        **WHEREAS** Defendants deny any and all liability arising out of Plaintiffs' allegations in this action; and

        **WHEREAS** Plaintiffs and Defendants (collectively, the "Parties") now desire to resolve the issues of attorneys' fees and related costs and expenses arising out of IH Case No. 228651 and this federal action without further proceedings, on terms and conditions that are just and fair to the Parties.

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1. The City of New York shall pay TWENTY-SIX THOUSAND DOLLARS AND ZERO CENTS ($26,000.00) in full satisfaction of all claims for attorneys' fees, costs, and expenses, incurred or accrued in connection with school year 2022-23, including IH Case No. 228651 and the instant federal action.

2. Payment of the amount specified in paragraph "1" will be made by check payable to "Law Office of Michelle Siegel, PLLC," and mailed to Plaintiffs' attorneys, Law Office of Michelle Siegel, PLLC, c/o Michelle Siegel, Esq.

3. In consideration of the payment of the amount specified in paragraph "1," Plaintiffs and Law Office of Michelle Siegel, PLLC, agree to the dismissal of all claims against Defendants, and to hereby release and discharge Defendants and the City of New York, and their successors and assigns, and all past and present officials, employees, departments, agencies, representatives, directors, and agents of the City of New York and Defendants from any and all liability, claims, and/or rights of action arising from or relating to any claims that Plaintiffs or Law Office of Michelle Siegel, PLLC, may have for costs, expenses, and/or attorneys' fees incurred or accrued in connection with school year 2022-23, including IH Case No. 228651 and the instant federal action.

4. Upon execution of this Agreement, Plaintiffs and Law Office of Michelle Siegel, PLLC, shall each execute separate Releases based upon the terms of paragraphs "1" through "3" above, Law Office of Michelle Siegel, PLLC, shall complete a substitute W-9 form, and Law Office of Michelle Siegel, PLLC, shall promptly provide these Releases and the substitute W-9 form to Defendants' undersigned counsel.

5. Payment of the amount specified in paragraph "1" is conditioned upon delivery of all documents reasonably necessary to effectuate this Agreement as described in

paragraph "4".

6. Nothing contained herein shall be deemed to be an admission by Defendants that it has in any manner or way violated either Plaintiffs' rights or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City of New York, or Defendants, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or Defendants.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or Defendants.

8. This Agreement shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as may be necessary to enforce its terms.

9. This Agreement contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Agreement, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the Parties hereto, or to vary the terms and conditions contained herein.

10. Nothing contained herein shall be deemed to be an agreement or admission by Defendants or the City of New York as to the reasonableness of the number of hours billed or the hourly rates claimed by Plaintiffs' counsel.

11. The Agreement is final and binding on all Parties, as well as their successors and assigns.

[Remainder of page intentionally left blank]

12. This document may be executed in subparts, and, whether or not it is executed in subparts, a signature received by facsimile or electronic mail shall have the same force and effect as an original signature.

Dated:   New York, New York
         _____July 7_____, 2025


**Law Office of Michelle Siegel, PLLC**  *DROHAN LEE LLP*
*Attorney for Plaintiffs*                 Outside Counsel
604 Hoagerburgh Rd                        *Attorney for Defendants*
Wallkill, NY 12589                        5 Penn Plaza, 19th Fl
(347) 480-9242                            New York, New York 10001
jaredstein@msiegelaw.com                  (212) 710-0004
                                          VDrohan@dlkny.com


By: /s/ Jared S. Stein                    By: /s/ Vivian R. Drohan
    Jared S. Stein, Esq.                      Vivian R. Drohan, Esq.


SO ORDERED.

/s/ Ronnie Abrams
Hon. Ronnie Abrams
July 8, 2025

4